## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICHARD D. BACA,

    Petitioner,

v.                                                                        No. CV 11-0093 JC/LAM
                                                                                      CR 06-0760 JC

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner's Petition For Writ Of Habeas Corpus Ad Subjiciendum, Title 28 USCA 2241[c], [3] (CV Doc. 2; CR Doc. 57) filed on January 27, 2011. *See* 28 U.S.C. § 2254 R. 1(b), § 2255 R. 4(b). Also before the Court is Petitioner's motion for leave to proceed in forma pauperis (CV Doc. 3). The Court will grant the motion and dismiss the petition.

       In the captioned criminal proceeding Petitioner entered a plea agreement (CR Doc. 35) to one count of an indictment charging him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The Court entered judgment (CR Doc. 41) on Petitioner's conviction on May 31, 2007, and he did not appeal his conviction or sentence. Petitioner then filed a motion under 28 U.S.C. § 2255 (CR Doc. 49), asserting claims of ineffective assistance of counsel. The § 2255 motion was dismissed by this Court (CR Docs. 53, 54), and Petitioner's subsequent motion to reconsider the dismissal was denied. In the instant § 2241 petition, Petitioner contends that the indictment against him was defective and the Court had no subject matter jurisdiction of the criminal proceeding.

       As a starting point in reviewing Petitioner's § 2241 petition, the terms of 28 U.S.C. § 2255

provide the exclusive avenue for attacking a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus").[1]  Defendant's pro se characterization of his claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992). The gravamen of this petition is that the Court did not have subject matter jurisdiction of the criminal proceeding. This claim is expressly contemplated by § 2255: relief is available where a "sentence was imposed in violation of the Constitution or laws of the United States . . . , or . . . the court was without jurisdiction to impose such sentence." § 2255(a).

In the circumstances of this case, the remedies available in § 2255 are not "inadequate or ineffective." *Williams*, 323 F.2d at 673. " 'Where a statute specifically addresses the particular issue at hand,' as § 2255 does here, 'it is that authority, and not the All Writs Act [under § 1651], that is controlling.' As a result, no gap exists to fill in [Petitioner]'s post-conviction remedy." *United States v. Harris*, No. 10-5058, 2010 WL 3274503, at *3 (10th Cir. Aug. 19, 2010) (quoting *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). Furthermore, "a petitioner [may not] avoid the bar against successive § 2255 petitions by simply styling a petition under a different name." *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002); *and see United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (affirming district court's refusal to recast pleading as a § 2255 motion when relief would be "facially . . . 'barred as untimely . . . or as second or successive' "). A § 2241 habeas petition that directly attacks a criminal conviction is properly recharacterized as a § 2255 motion. *See In re Pedraza*, No. 09-2074, slip ord. at 4 (10th Cir. June 16, 2009). And

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective." *Williams*, 323 F.2d at 673.

because Petitioner has previously challenged his conviction in a § 2255 motion, his current petition amounts to a second motion under § 2255.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. Under *Cline*, the decision to transfer or dismiss a second § 2255 motion requires consideration of several factors, *i.e.*, "whether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Cline*, 531 F.3d at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

Here, Petitioner's jurisdictional claim is based on allegations that the Executive Branch never authorized use of evidence to the grand jury in this case, and the State of New Mexico never ceded the land within its borders to the United States. Petitioner provides no factual support for his allegation that the U.S. Attorney improperly submitted evidence to the grand jury. And furthermore, "[b]ecause under 18 U.S.C. § 3231 federal district courts are explicitly vested with jurisdiction over all offenses against the laws of the United States, the federal government is not required to show that the state ceded jurisdiction." *United States v. Hodges*, 42 F. App'x 250, 251 (10th Cir. 2002) (citations omitted). It is unlikely, therefore, that Petitioner's § 2255 claims have merit or are filed in good faith. According to the factors in *Cline*, the Court will dismiss Petitioner's petition without prejudice for lack of jurisdiction.

Furthermore, because Petitioner's petition amounts to a § 2255 motion, the Court *sua sponte*

applies rule 11 of the Rules Governing Section 2255 Cases to this proceeding.  The Court concludes that Petitioner has failed to make a substantial showing of denial of a constitutional right, and the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (CV Doc. 3) is GRANTED, and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's Petition For Writ Of Habeas Corpus Ad Subjiciendum, Title 28 USCA 2241[c], [3] (CV Doc. 2; CR Doc. 57) filed on January 27, 2011, is DISMISSED without prejudice for lack of jurisdiction; and judgment will be entered;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE