IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD D. BACA,

    Petitioner,

v.                                        No. CV 11-0093 JC/LAM
                                                CR 06-0760 JC

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Petitioner's Objection to Memorandum Opinion And Order And Motion For Reconsideration (CV Doc. 6; CR Doc. 60) filed on February 25, 2011 (the "rule 60(b) motion"). The motion invokes rule 60(b) of the Federal Rules of Civil Procedure and seeks relief from the Court's order and judgment (CV Docs. 4, 5; CR Docs. 58, 59) entered on February 3, 2011. In those orders the Court dismissed Petitioner's Petition For Writ Of Habeas Corpus Ad Subjiciendum, Title 28 USCA 2241[c], [3] (CV Doc. 2; CR Doc. 57) filed on January 27, 2011, as an unauthorized second or successive motion under 28 U.S.C. § 2255. As grounds, in part, for his rule 60(b) motion, Petitioner again attacks his conviction on the same grounds that he asserted in his second § 2255 motion. The Court will dismiss Petitioner's rule 60(b) motion for lack of jurisdiction.

       Petitioner's rule 60(b) motion purports to seek relief from the order dismissing his § 2255 claims but actually seeks to revisit the underlying conviction. The motion thus amounts to a second or successive § 2255 motion.

> Under *Gonzalez*[ *v. Crosby*, 545 U.S. 524 (2005)], a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for

> relief from the petitioner's underlying conviction. . . . or . . . challenges a defect in the integrity of the federal habeas proceeding . . . that . . . lead[s] inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006); *see also United States v. Harrison*, 382 F. App'x 678, 680 (10th Cir. 2010) ("Although *Gonzalez* dealt with § 2254 applications for relief, we have applied its analysis to § 2255 motions."). Because Petitioner's rule 60(b) motion constitutes a second or successive § 2255 motion under either of the standards described in *Spitznas*, the Court has no authority to consider his claims. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* Under the rulings in *Nelson* and *Harrison*, the Court will dismiss Petitioner's rule 60(b) motion for lack of jurisdiction.

IT IS THEREFORE ORDERED that Petitioner's Objection to Memorandum Opinion And Order And Motion For Reconsideration (CV Doc. 6; CR Doc. 60) filed on February 25, 2011, is DISMISSED for lack of jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE